IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| ABDUL-KHALIQ ISHRAT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | 1:14CV800 |
|  | ) |  |
| SHERIFF TERRY JOHNSON, et al., | ) |  |
|  | ) |  |
| Defendant(s). | ) |  |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The Complaint alleges claims against persons or entities who appear to be state, not federal actors. Therefore, the claims are not proper under Bivens, but must be brought under 42 U.S.C. § 1983.

2. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff submitted a portion of an *in forma pauperis* application, but failed to submit the complete application. This is not sufficient.

3. Plaintiff indicates in the Complaint that he did not fully exhaust available administrative remedies. Exhaustion is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001). The failure to exhaust is clear from the face of the Complaint, and Plaintiff had an opportunity to address the issue on the

form itself and explain why he has not exhausted his available remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005).

4. Plaintiff has not named proper defendants. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Plaintiff names Sheriff Terry Johnson as a defendant, but makes no allegation against him. He also names Southern Healthcare Partners, which appears to be a corporation, as a Defendant, but makes no allegation as to that entity.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.*, Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.*, Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 22 day of September, 2014.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge